Lanzinger, J.
{¶ 1} This is an appeal from a judgment of the court of appeals denying the claim of appellant, Pression Jean-Baptiste, for a writ of prohibition to prevent appellee, Judge James W. Kirsch of the Scioto County Court of Common Pleas, Juvenile Division, from classifying him as a juvenile-offender registrant in a delinquency case after he turned 21 years old. Because the juvenile court patently and unambiguously lacks jurisdiction to proceed with classifying Jean-Baptiste, we reverse the judgment of the court of appeals and grant the writ of prohibition.
I. Facts

A. Juvenile-Delinquency Case

{¶2} Jean-Baptiste was born in Haiti on January 18, 1989. According to Jean-Baptiste, he was brought to the United States from a Haitian orphanage in 1996 and was placed with Paula Kessler in Portsmouth, Ohio. There were no legal proceedings regarding his custody until December 2004, when the juvenile court placed him in the legal custody of Kessler.
{¶ 3} On October 19, 2006, a Scioto County assistant prosecuting attorney filed a complaint in the Scioto County Juvenile Court alleging that Jean-Baptiste, then 17 years old, appeared to be a delinquent child for committing a rape of a ten-year-old child on August 19, 2006, an offense that would be a felony of the first degree if committed by an adult. In January 2007, Jean-Baptiste admitted the allegations of the complaint, and on the day after Jean-Baptiste turned 18 years old, Judge Kirsch adjudicated him to be a delinquent child. On February 5, 2007, following a dispositional hearing, Judge Kirsch ordered that Jean-Baptiste be committed to the permanent custody of the Ohio Department of Youth Services (“DYS”) for placement in an institution for a minimum of one year and for a maximum period not to extend beyond his 21st birthday — January 18, 2010. The judge also classified Jean-Baptiste as a sexual predator and ordered him to meet the registration requirements of that classification upon his release.
{¶ 4} On appeal, the court of appeals vacated the juvenile court’s sexual-predator classification based on its holding that because the court committed Jean-Baptiste to a secure facility as part of its dispositional order, the court could not classify him as a sexual predator under R.C. 2152.83(A)(1) until his release *423 from the secure facility. In re P.B., 4th Dist. No. 07CA3140, 2007-Ohio-3937, 2007 WL 2206900. No appeal was taken from this decision.
{¶ 5} On May 23, 2008, the United States Department of Homeland Security placed an immigration detainer on Jean-Baptiste to assume custody of him. On July 17, 2008, DYS released Jean-Baptiste from its institution, and he was held in the Seneca County Jail until hearings could be conducted to determine his citizenship. In December 2009, DYS notified Judge Kirsch, the county sheriffs office, and the county prosecutor that on January 18, 2010 (Jean-Baptiste’s 21st birthday), he would be discharged from the department’s legal custody. Judge Kirsch had scheduled a status conference in the case for January 15, but continued it because Jean-Baptiste was still in the Seneca County Jail and would not be released until January 26, 2010. Judge Kirsch ordered that Jean-Baptiste’s juvenile-offender classification hearing be held on February 8, 2010. When Jean-Baptiste was released from the Seneca County Jail, he was placed by the United States Citizenship and Immigration Services at the Faith Mission residential facility.

B. Prohibition Case

{¶ 6} On February 2, 2010, Jean-Baptiste filed a complaint in the court of appeals for a writ of prohibition to prevent Judge Kirsch from proceeding to classify him as a juvenile-offender registrant. Jean-Baptiste claimed that the juvenile court patently and unambiguously lacked jurisdiction to proceed because no statute authorized the court to conduct a classification hearing after he had turned 21 years old on January 18, 2010. After the court of appeals denied Judge Kirsch’s motions to dismiss and for relief from judgment and for leave to renew his motion to dismiss, the parties submitted evidence and briefs.
{¶ 7} Jean-Baptiste raised the following arguments: (1) Judge Kirsch does not have jurisdiction to classify him as a juvenile-offender registrant, because he is over 21 years old and is thus not a “child” as defined in R.C. 2152.02, (2) the juvenile court lacks personal jurisdiction over him because he is over 21 years old, and (3) Judge Kirsch lacks jurisdiction to classify him because the judge failed to hold a classification hearing within a reasonable time of his release from DYS. Judge Kirsch argued in part that the court of appeals should not consider Jean-Baptiste’s last argument, because it was not raised in his complaint.
{¶ 8} On April 18, 2011, the court of appeals denied the writ of prohibition. Jean-Baptiste appealed, and after briefing, we sua sponte held the case for our decision in In re J.V., 134 Ohio St.3d 1, 2012-Ohio-4961, 979 N.E.2d 1203, which was decided on October 30, 2012.[1] State ex rel P.J. v. Kirsch, 131 Ohio St.3d *424 1478, 2012-Ohio-955, 963 N.E.2d 156. This cause is now before the court for our consideration.
II. Legal Analysis

A. Oral Argument

{¶ 9} Jean-Baptiste has filed a motion for oral argument. He claims that oral argument is appropriate because this case involves a matter of great public importance, complex issues of law or fact, and a conflict between courts of appeals.
{¶ 10} In cases in which oral argument is not mandatory — such as direct appeals from cases originating in a court of appeals, see S.Ct.Prac.R. 9.2(A)' — we have discretion to grant oral argument, and “in exercising this discretion, we consider whether the case involves a matter of great public importance, complex issues of law or fact, a substantial constitutional issue, or a conflict among courts of appeals.” State ex rel. Davis v. Pub. Emps. Retirement Bd., 111 Ohio St.3d 118, 2006-Ohio-5339, 855 N.E.2d 444, ¶ 15.
{¶ 11} Jean-Baptiste contends that this appeal involves a matter of great public importance because this court has pending cases that relate to the application of 2007 Am.Sub.S.B. No. 10 (“S.B. 10”), Ohio’s version of the federal Adam Walsh Act, 42 U.S.C. 16901 et seq., see, e.g., In re D.J.S., case No. 2008-1624,[2] and its related cases, and because we recently held that S.B. 10, “as applied to defendants who committed sex offenses prior to its enactment, violates Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from passing retroactive laws.” State v. Williams, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, syllabus. Yet in his motion, Jean-Baptiste concedes that the litigants in In re D.J.S. and its related cases “have not raised issues” similar to those involved in this appeal. And he does not suggest that the holding in this case is governed by either Williams or In re D.J.S.
{¶ 12} Moreover, Jean-Baptiste does not specify in what respect this direct appeal in a prohibition case involves either complex issues of law or fact or what purported conflict exists between courts of appeals on the claims he raises here.
{¶ 13} Finally, the parties’ briefs are sufficient for the court to resolve this appeal. See, e.g., State ex rel. Otten v. Henderson, 129 Ohio St.3d 453, 2011-Ohio-4082, 953 N.E.2d 809, ¶ 19.
{¶ 14} For all of these reasons, we deny Jean-Baptiste’s motion for oral argument and proceed to address the merits.

*425
B. Prohibition

{¶ 15} To be entitled to the requested extraordinary relief in prohibition, Jean-Baptiste had to establish that (1) Judge Kirsch was about to exercise judicial power, (2) the exercise of that power was unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of law. State ex rel. Brady v. Pianka, 106 Ohio St.3d 147, 2005-Ohio-4105, 832 N.E.2d 1202, ¶ 7. It is uncontroverted that by ordering the February 8, 2010 juvenile-offender classification hearing, Judge Kirsch was about to exercise judicial power when Jean-Baptiste filed his prohibition action.
{¶ 16} For the remaining requirements, “[i]n the absence of a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party contesting that jurisdiction has an adequate remedy by appeal.” State ex rel. Plant v. Cosgrove, 119 Ohio St.3d 264, 2008-Ohio-3838, 893 N.E.2d 485, ¶ 5; State ex rel. Pruitt v. Donnelly, 129 Ohio St.3d 498, 2011-Ohio-4203, 954 N.E.2d 117, ¶ 2. “Prohibition will not issue if the party seeking extraordinary relief has an adequate remedy in the ordinary course of law.” State ex rel. Hemsley v. Unruh, 128 Ohio St.3d 307, 2011-Ohio-226, 943 N.E.2d 1014, ¶ 9. The dispositive issue is thus whether Jean-Baptiste established that the juvenile court patently and unambiguously lacked jurisdiction to conduct a juvenile-offender classification hearing.

C. Continuing Jurisdiction Did Not Extend to Jean-Baptiste After He Turned 21

{¶ 17} In his first proposition, Jean-Baptiste asserts that he established that the juvenile court patently and unambiguously lacked jurisdiction to conduct the February 8, 2010 classification hearing because he had turned 21 on January 18, 2010.
{¶ 18} Judge Kirsch and the juvenile court have basic statutory jurisdiction over the delinquency case under R.C. 2151.23(A)(1), which provides that the juvenile court has exclusive original jurisdiction “[concerning any child who on or about the date specified in the complaint, indictment, or information is alleged * * * to be * * * a delinquent * * * child.” See also R.C. 2151.011(B)(6) (for purposes of R.C. Chapter 2151, “child” generally “means a person who is under eighteen years of age”). The complaint filed in the juvenile court alleged — and Jean-Baptiste subsequently admitted — that he was a delinquent child based on a rape he committed when he was 17 years old.
{¶ 19} However, although the juvenile court had jurisdiction over Jean-Baptiste’s delinquency case, Jean-Baptiste argues in his first proposition of law that the juvenile court lost jurisdiction over the disposition once it had been fully satisfied and once he was no longer a “child” relative to that disposition. He *426 points to R.C. 2152.02(C), which has eight subparts and defines the word “child” for purposes of R.C. Chapter 2152:
(C)(1) “Child” means a person who is under eighteen years of age, except as otherwise provided in divisions (C)(2) to (8) of this section.
(2) Subject to division (C)(3) of this section, any person who violates a federal or state law or a municipal ordinance prior to attaining eighteen years of age shall be deemed a “child” irrespective of that person’s age at the time the complaint with respect to that violation is filed or the hearing on the complaint is held.
(3) Any person who, while under eighteen years of age, commits an act that would be a felony if committed by an adult and who is not taken into custody or apprehended for that act until after the person attains twenty-one years of age is not a child in relation to that act.
(4) Except as otherwise provided in divisions (C)(5) and (7) of this section, any person whose case is transferred for criminal prosecution pursuant to section 2152.12 of the Revised Code shall be deemed after the transfer not to be a child in the transferred case.
(5) Any person whose case is transferred for criminal prosecution pursuant to section 2152.12 of the Revised Code and who subsequently is convicted of or pleads guilty to a felony in that case, unless a serious youthful offender dispositional sentence is imposed on the child for that offense * * * and the adult portion of that sentence is not invoked * * *, and any person who is adjudicated a delinquent child * * * who has a serious youthful offender dispositional sentence imposed * * * and whose adult portion of the dispositional sentence is invoked * * * shall be deemed after the conviction, plea, or invocation not to be a child in any case in which a complaint is filed against the person.
(6) The juvenile court has jurisdiction over a person who is adjudicated a delinquent child or juvenile traffic offender prior to attaining eighteen years of age until the person attains twenty-one years of age, and, for purposes of that jurisdiction related to that adjudication, except as otherwise provided in this division, a person who is so adjudicated a delinquent child or juvenile traffic offender shall be deemed a “child” until the person attains twenty-one years of age. * * *
(7) The juvenile court has jurisdiction over any person whose case is transferred for criminal prosecution solely for the purpose of detaining the person * * * unless the person is convicted of or pleads guilty to a felony in the adult court.
*427 (8) Any person who, while eighteen years of age, violates division (A)(1) or (2) of section 2919.27 of the Revised Code by violating a protection order issued or consent agreement approved under section 2151.34 or 3113.31 of the Revised Code shall be considered a child for the purposes of that violation of section 2919.27 of the Revised Code.
(Emphases added.)
{¶ 20} Jean-Baptiste argues that the definition of “child” in R.C. 2152.02(C)(2) is limited by R.C. 2152.02(C)(3) to persons under the age of 21 and that the extension of jurisdiction for a “hearing on the complaint” in R.C. 2152.02(C)(2) is limited to matters of adjudication. We disagree with the first point, and hold that R.C. 2152.02(C)(2) and (3) are independent, but we agree with the second argument.
{¶ 21} The court of appeals in this case stated that “R.C. 2152.02(C)(2) does not limit the juvenile court’s jurisdiction to only the ‘hearing on the complaint,’ i.e., the adjudication and disposition.” State ex rel. Jean-Baptiste v. Kirsch, 4th Dist. No. 10CA3338, 2011-Ohio-3368, 2011 WL 2650734, ¶ 12. In concluding that the trial court had subject-matter jurisdiction over Jean-Baptiste, the court of appeals relied upon our decision in State ex rel N.A. v. Cross, 125 Ohio St.3d 6, 2010-Ohio-1471, 925 N.E.2d 614, at ¶ 13, citing R.C. 2151.23(A)(15) and 2152.02(C). Jean-Baptiste at ¶ 14-16.
{¶ 22} The facts of N.A., however, differ from those in Jean-Baptiste’s case. N.A. arose out of a reversal of a delinquency adjudication because the juvenile court had failed to properly record the hearing, and N.A. had sought a writ of prohibition to prevent the juvenile court judge from proceeding with an adjudicatory hearing on remand. The juvenile court had begun its rehearing before the day that N.A. turned 21, but then continued the hearing to a date after his 21st birthday. See id. at ¶ 4. In affirming the court of appeals’ denial of the writ, we concluded that the juvenile court did have jurisdiction to proceed on the delinquency case:
Judge Cross does not patently and unambiguously lack jurisdiction to proceed with the delinquency case even though N.A. turned 21 years old before the case concluded. And notwithstanding N.A.’s argument to the contrary, even though the latest hearing in the matter was precipitated by the court of appeals’ remand for a rehearing, that proceeding is still a “hearing on the complaint.”
*428 (Emphases added.) Id. at ¶ 10.
{¶ 23} We agree with Jean-Baptiste that his case is distinguishable from N.A. Unlike the rehearing in N.A., the juvenile-offender classification hearing in this case is not a hearing on the complaint. Jean-Baptiste’s adjudicatory and dispositional hearings took place in 2007. Because this case involves a classification hearing, rather than an adjudicatory hearing, N.A. is not controlling.
{¶ 24} We recognize that the court of appeals relied in part upon the following language from N.A.:
[T]he delinquency proceeding is still important because if he is adjudicated a delinquent child based on the rape offenses, N.A. would still be subject to the juvenile-offender-registration provisions. See R.C. 2152.82(C) (if an order classifying a child as a juvenile-offender registrant is issued, “the child’s attainment of eighteen or twenty-one years of age does not affect or terminate the order”); see also R.C. 2151.23(A)(15) (juvenile court has exclusive original jurisdiction to “conduct the hearings, and to make the determinations, adjudications, and orders authorized or required under sections 2152.82 to 2152.86 * * * of the Revised Code regarding a child who has been adjudicated a delinquent child”).
N.A., 125 Ohio St.3d 6, 2010-Ohio-1471, 925 N.E.2d 614, ¶ 13. This language, however, is also irrelevant to Jean-Baptiste’s case. It is true that N.A. may have been subject to registration if the court adjudicated him delinquent; however, the court’s ability to classify in that case arose from the clause of R.C. 2152.83(A)(1) granting the court jurisdiction to issue an order classifying the child as part of the dispositional order. This portion of the statute was applicable in N.A. because in that case, the juvenile court maintained continuing jurisdiction to adjudicate N.A.’s delinquency. In this case, Jean-Baptiste’s delinquency proceeding was concluded when the juvenile court issued its 2007 order committing him to the custody of a secure facility. Because the juvenile court concluded the delinquency proceeding, the portion of R.C. 2152.83(A)(1) at issue in N.A. is inapplicable here.
{¶ 25} The statute that controls the procedure for juvenile sex-offender classification is R.C. 2152.83. The dissent argues that the majority conflates Jean-Baptiste’s first proposition of law with his second. But the dissent fails to recognize that Jean-Baptiste’s first proposition of law includes the argument that a court lacks jurisdiction to classify a child once the disposition has been fully satisfied. In Jean-Baptiste’s merit brief, he specifically argues that a juvenile court has no jurisdiction over a disposition that has been fully satisfied or over a *429 person who is no longer a child relative to that disposition. This argument is included under his first proposition of law, which asserts that a juvenile court is without subject-matter jurisdiction and personal jurisdiction to conduct an initial juvenile sex-offender classification hearing for an adult.
{¶ 26} The dissent also argues that Jean-Baptiste waived any claim related to the timing requirement in R.C. 2152.83 by failing to raise it in his complaint in the court of appeals. We note that Jean-Baptiste did raise this issue in his complaint. The complaint asserts that Judge Kirsch “patently and unambiguously lacks jurisdiction to proceed,” that if Judge Kirsch “had validly classified [Jean-Baptiste] before [Jean-Baptiste] attained twenty-one years of age, the court’s order would remain valid beyond [Jean-Baptiste’s] twenty-first birthday pursuant to R.C. 2152.83(E),” that “there is no existing order classifying [Jean-Baptiste] and there is no statute extending the jurisdiction of the court past [Jean-Baptiste’s] twenty-first birthday,” and that because “no statute authorizes a juvenile court to conduct a classification [hearing] after a person has turned twenty-one, any action by Judge Kirsch would be void ab initio.”
{¶ 27} The statute relating to the juvenile court’s jurisdiction to conduct a classification hearing for juvenile sex offenders is R.C. 2152.83(A)(1):
The court that adjudicates a child a delinquent child shall issue as part of the dispositional order or, if the court commits the child for the delinquent act to the custody of a secure facility, shall issue at the time of the child’s release from the secure facility, an order that classifies the child a juvenile offender registrant and specifies that the child has a duty to comply with sections 2950.04, 2950.041, 2950.05, and 2950.06 of the Revised Code * * *.
(Emphasis added.) We must thus look to R.C. 2152.83(A)(1) to determine the validity of the argument raised in Jean-Baptiste’s complaint that “there is no statute extending the jurisdiction of the court past [Jean-Baptiste’s] twenty-first birthday.”
{¶ 28} Because Jean-Baptiste was adjudicated a delinquent child and was committed to a secure facility, the statute is clear that the court must issue the order classifying the child as a juvenile-offender registrant at the time the child is released from the secure facility — not afterward. The statute is logical, given that the juvenile-offender registrant may be subject to certain registration requirements upon his or her release into the community. Because Jean-Baptiste was released on the day that he turned 21 and because R.C. 2152.83 specifies that classification must occur when a child is released from a secure *430 facility, the juvenile court patently and unambiguously lacks jurisdiction to classify Jean-Baptiste after his 21st birthday, when he was no longer a child.
{¶ 29} This conclusion is in accord with In re Cross, 96 Ohio St.3d 328, 2002-Ohio-4183, 774 N.E.2d 258. There we held, “A juvenile court does not have the jurisdiction to reimpose a suspended commitment to a Department of Youth Services facility after a juvenile has been released from probation.” Id. at syllabus. In so holding, we noted a distinction between a juvenile court’s extended jurisdiction over abused, neglected, or dependent children and a juvenile court’s more limited jurisdiction over delinquent children, stating, “The criminal aspects of juvenile delinquency proceedings require greater constraints on juvenile courts.” Id. at ¶ 25. We also explained:
While this court has held, in In re Anderson (2001), 92 Ohio St.3d 63, 748 N.E.2d 67, syllabus, that a juvenile court proceeding generally is a civil action, this court also noted that “there are criminal aspects to juvenile court proceedings” and that “the United States Supreme Court has carefully imposed basic due process requirements on [the juvenile justice system].” Id. at 66 and 65, 748 N.E.2d 67.
Id. at ¶ 21. In keeping with these principles, we concluded that “[w]hen the court ended Cross’s probation, it ended its ability to make further dispositions as to Cross on th[e] delinquency count.” Id. at ¶ 28.
{¶ 30} The reasoning behind Cross also applies to Jean-Baptiste’s case. Because this case arises out of a delinquency adjudication, Jean-Baptiste is entitled to basic due process protections. R.C. 2152.83(A)(1) plainly states that the court shall issue the classification order at the time of the child’s release from a secure facility. This is a clear expression of the legislature’s intent that juvenile courts lose their ability to hold classification hearings after that time.
{¶ 31} Contrary to the dissent’s suggestion, this conclusion is not in conflict with either State v. Bellman, 86 Ohio St.3d 208, 714 N.E.2d 381 (1999), or In re Davis, 84 Ohio St.3d 520, 705 N.E.2d 1219 (1999). Both Bellman and Davis were decided before the enactment of R.C. 2152.83(A)(1) and therefore did not contemplate the specific statutory language at issue today. Bellman, moreover, concerned former R.C. 2950.09(B)(1), a statute that dealt with adult offenders rather than juveniles. Although Davis is a juvenile case, it specifically dealt with the question whether the seven-day time frame within which a juvenile court must enter its disposition of a child adjudicated as abused, neglected, or dependent under R.C. 2151.35 also applied to motions for permanent custody filed by an agency under R.C. 2151.414 prior to the September 1996 amendment to that statute. As mentioned above, we noted in Cross that a juvenile court’s jurisdic *431 tion in a delinquency case is more limited than in an abuse, neglect, or dependency case. Davis is accordingly inapplicable to this case.
{¶ 32} R.C. 2152.83(A)(1) requires that the court issue an order classifying the child as a juvenile-offender registrant at the time of the child’s release from the custody of a secure facility. Because the juvenile court lacks statutory authority to classify Jean-Baptiste after he was released and the court’s delinquency disposition has been fully satisfied, we agree with Jean-Baptiste’s first proposition of law as applied to this case and hold that the juvenile court lacks jurisdiction to classify Jean-Baptiste, who is now no longer a “child” under the applicable statute.
III. Conclusion
{¶ 33} In this case, the juvenile court patently and unambiguously lacks jurisdiction to proceed with classifying Jean-Baptiste. We therefore reverse the judgment of the court of appeals and grant the writ of prohibition.
Judgment reversed and writ granted.
O’Connor, C.J., and Pfeifer and McGee Brown, JJ., concur.
Lundberg Stratton, O’Donnell, and Cupp, JJ., dissent.

. Because of the factual differences between J.V. and the present case, we do not look to J.V. for guidance here.

. In re D.J.S. is no longer pending; it was decided on October 20, 2011. 130 Ohio St.3d 257, 2011-Ohio-5342, 957 N.E.2d 291.