[Cite as *In re E.J.W.*, 2022-Ohio-4215.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

| | |
|---|---|
| IN RE E.J.W. | : |
| | No. 111828 |
| A Minor Child | : |
| [Appeal by the state of Ohio] | : |

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** November 23, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. DL-22-106064

---

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, Brandon A. Piteo and Jacob Williams, Assistant Prosecuting Attorneys, *for appellant.*

Cullen Sweeney, Cuyahoga County Public Defender, and Britta M. Barthol, *for appellee.*

KATHLEEN ANN KEOUGH, P.J.:

{¶ 1} Appellant, the state of Ohio, appeals from the juvenile court's order dismissing the state's complaint against appellee, E.J.W. For the reasons that follow, we reverse the juvenile court's decision and remand the case for further proceedings.

{¶ 2} In February 2022, the state charged E.J.W. in the juvenile division of the common pleas court in a three-count complaint. Count 1 charged carrying a concealed weapon in violation of R.C. 2923.12(A)(2), a fourth-degree felony; Count 2 charged improperly handling firearms in a motor vehicle in violation of R.C. 2923.16(B), a fourth-degree felony; and Count 3 charged drug possession in violation of R.C. 2925.11(A), a felony of the fifth degree. All counts carried forfeiture specifications.

{¶ 3} The record reflects that E.J.W. was 17 years of age at the time of the alleged offenses, which occurred on October 2, 2020, and 19 years old when the complaint was filed. The record also reflects that in July 2021, after he had turned 18, E.J.W. was indicted in the common pleas court, general division, with several felonies and a misdemeanor. *See* Cuyahoga C.P. CR-21-661514. In that case, he pleaded guilty to and was convicted of discharge of a firearm on or near prohibited premises in violation of R.C. 2923.162(A)(3), a third-degree felony; attempted tampering with evidence in violation of R.C. 2923.02/2921.12(A)(1), a fourth-degree felony; and obstructing official business in violation of R.C. 2921.31, a second-degree misdemeanor. He was sentenced to community control sanctions. He was also indicted in a companion case, Cuyahoga C.P. CR-21-658176, in which he pleaded guilty to attempted receiving stolen goods in violation of R.C. 2923.02/2913.51, a fifth-degree felony, and obstructing official business in violation of R.C. 2921.31, a second-degree misdemeanor, and was likewise sentenced to community control sanctions.

{¶ 4} In May 2022, the juvenile court dismissed the state's complaint for lack of jurisdiction. Believing the court retained jurisdiction, the state refiled an identical complaint in June 2022. The trial court again dismissed the complaint for lack of jurisdiction, finding that "pursuant to R.C. 2152.02(C)(5), the juvenile is no longer statutorily considered a 'child' based upon the prior plea of guilt or conviction of a felony even if the child has not reached age 21." The court's order also stated that "for this complaint the child has not been arrested or was otherwise apprehended at the time of the offense or thereafter as set forth in R.C. 2151.23(I)." This appeal followed.

{¶ 5} The state contends in a single assignment of error that the trial court erred in dismissing the complaint for lack of jurisdiction because it improperly applied R.C. 2151.23(I) and 2152.02(C)(5) in finding it lacked jurisdiction. E.J.W. filed a notice of conceded error pursuant to Loc.App.R. 16(B) agreeing that the trial court improperly dismissed the complaint for lack of jurisdiction and that the judgment should be reversed and the matter remanded to the juvenile court.

{¶ 6} "Subject-matter jurisdiction is a condition precedent to a court's power to adjudicate and render judgment in a case and, 'in the absence of subject-matter jurisdiction, a court lacks the authority to do anything but announce its lack of jurisdiction and dismiss.'" *State v. Hudson*, Slip Opinion No. 2022-Ohio-1435, ¶ 22, quoting *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 21.

**{¶ 7}** The juvenile court has "exclusive original jurisdiction" with respect to "any child" who is alleged to be a "delinquent, unruly, abused, neglected, or dependent child." R.C. 2151.23(A)(1); *State ex rel. Jean-Baptiste v. Kirsch*, 134 Ohio St.3d 421, 2012-Ohio-5697, 983 N.E.2d 302, ¶ 18 (Juvenile court has exclusive original jurisdiction concerning any child who on the date specified in the complaint is alleged to be a delinquent child.).

**{¶ 8}** The legislature has generally defined the term "child" to include all persons under the age of 18. *See* R.C. 2151.011(B)(6) and 2152.02(C)(1). Nevertheless, R.C. 2152.02(C)(5) creates an exception to the general rule. It provides that

> [a]ny person whose case is transferred [from juvenile court to adult court] for criminal prosecution pursuant to section 2152.12 of the Revised Code and who subsequently is convicted of or pleads guilty to a felony in that case * * * shall be deemed after the conviction, plea, or invocation not to be a child in any case in which a complaint is filed against the person.

Thus, "transfer extinguishes a juvenile's classification as a child in any case in which a complaint is filed against the individual once the juvenile is convicted of or pleads guilty to a felony in the transferred case." *State v. Jones*, 8th Dist. Cuyahoga Nos. 110453 and 110454, 2022-Ohio-1169, ¶ 54.

**{¶ 9}** The record in this case reflects that the general division cases in which E.J.W. pleaded guilty to and was convicted of felonies were not transferred from the juvenile court to the general division. Rather, E.J.W. was indicted in those cases for offenses that occurred after he turned 18. Because the cases were not transferred

pursuant to R.C. 2152.12, the trial court erred in finding, in reliance on E.J.W.'s guilty pleas and conviction in those cases, that he could not statutorily be considered a "child" for purposes of the complaint in this case. In short, because E.J.W.'s general division cases were initiated directly in the general division, and not transferred from the juvenile court for criminal prosecution, R.C. 2152.02(C)(5) does not apply to bar jurisdiction in this case.

{¶ 10} The trial court also erroneously concluded that R.C. 2151.23(I) precluded juvenile court jurisdiction in this case. Under the statute,

> [i]f a person under eighteen years of age allegedly commits an act that would be a felony if committed by an adult and if the person is not taken into custody or apprehended for that act until after the person attains twenty-one years of age, the juvenile court does not have jurisdiction to hear or determine any portion of the case charging the person with committing that act. * * * All proceedings pertaining to the act shall be within the jurisdiction of the court having jurisdiction of the offense, and that court has all the authority and duties in the case that it has in other criminal cases in the court.

{¶ 11} The plain language of the statute demonstrates that the juvenile court does not have jurisdiction when a child commits a felony offense before turning 18 but is not taken into custody or apprehended for that offense prior to attaining age 21. As the Ohio Supreme Court has stated, "R.C. 2151.23(I) effectively removes 'anyone over 21 years of age from juvenile-court jurisdiction, regardless of the date on which the person allegedly committed the offense.'" *Hudson*, Slip Opinion 2022-Ohio-1435, at ¶ 27, quoting *State v. Walls*, 96 Ohio St.3d 437, 2002-Ohio-5059, 775 N.E.2d 829, ¶ 14.

{¶ 12} In this case, E.J.W. was 17 when he committed the alleged offenses and, as found by the trial court, 19 years old when the complaint was filed. Accordingly, R.C. 2151.23(I) does not apply, and the trial court erred in relying upon the statute to conclude it did not have jurisdiction in this matter.

{¶ 13} The state's assignment of error is sustained, the juvenile's court's judgment dismissing for lack of jurisdiction is reversed, and the matter is remanded to the juvenile court for further proceedings.

{¶ 14} Judgment reversed and remanded.

It is ordered that the parties share equally the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
CORNELIUS J. O'SULLIVAN, JR., J., CONCUR