DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, H.P., appeals the judgment of the Summit County Court of Common Pleas, Juvenile Division, which classified him as a juvenile offender registrant. This Court reverses.
 I. {¶ 2} On January 6, 2008, a complaint was filed, alleging H.P. to be a delinquent child by reason of one count of rape in violation of R.C. 2907.02(A)(1)(C), a felony of the first degree if committed by an adult. The juvenile initially denied the charge. On February 8, 2008, the juvenile admitted to the charge and the trial court adjudicated him to be a delinquent child.
 {¶ 3} On April 24, 2008, the trial court classified the juvenile as a Tier III sex offender and proceeded to disposition. At disposition, the trial court ordered that H.P. be committed to the Ohio Department of Youth Services ("DYS") for a minimum term of one year to a maximum term to age twenty-one. H.P. timely appeals, raising four assignments of error for review. *Page 2 
 II. ASSIGNMENT OF ERROR I "THE SUMMIT COUNTY JUVENILE COURT ERRED WHEN IT CLASSIFIED HP. AS A JUVENILE OFFENDER REGISTRANT BECAUSE IT DID NOT MAKE THAT DETERMINATION UPON HIS RELEASE FROM A SECURE FACILITY, IN VIOLATION OF R.C. 2152.83(B)(1)."
 {¶ 4} H.P. argues that his classification as a juvenile offender registrant and a Tier III sex offender is void because the juvenile court had no authority to classify him under the circumstances until his release from DYS. This Court agrees.
 {¶ 5} R.C. 2152.82 provides, in relevant part:
 "(A) The court that adjudicates a child a delinquent child shall issue as part of the dispositional order an order that classifies the child a juvenile offender registrant *** if all of the following apply:
 "(1) The act for which the child is adjudicated a delinquent child is a sexually oriented offense or a child-victim oriented offense that the child committed on or after January 1, 2002.
 "(2) The child was fourteen, fifteen, sixteen, or seventeen years of age at the time of committing the offense.
 "(3) The court has determined that the child previously was adjudicated a delinquent child for committing any sexually oriented offense or child-victim oriented offense, regardless of when the prior offense was committed and regardless of the child's age at the time of committing the offense.
 "(4) The court is not required to classify the child as both a juvenile offender registrant and a public registry-qualified juvenile offender registrant under section 2152.86 of the Revised Code." (Emphasis added.)
 {¶ 6} In this case, H.P. had never before been adjudicated a delinquent child for committing a sexually oriented offense or child-victim offense. Accordingly, the classification provision in R.C. 2152.82(A) is not applicable to his circumstances.
 {¶ 7} R.C. 2152.83 provides:
 "(A)(1) The court that adjudicates a child a delinquent child shall issue as part of the dispositional order or, if the court commits the child for the delinquent act to *Page 3 the custody of a secure facility, shall issue at the time of the child's release from the secure facility an order that classifies the child a juvenile offender registrant and specifies that the child has a duty to comply with sections 2950.04, 2950.041, 2950.05, and 2950.06 of the Revised Code if all of the following apply:
 "(a) The act for which the child is or was adjudicated a delinquent child is a sexually oriented offense or a child-victim oriented offense that the child committed on or after January 1, 2002.
 "(b) The child was sixteen or seventeen years of age at the time of committing the offense.
 "(c) The court was not required to classify the child a juvenile offender registrant under section 2152.82 of the Revised Code or as both a juvenile offender registrant and a public registry-qualified juvenile offender registrant under section 2152.86 of the Revised Code." (Emphasis added.)
 {¶ 8} The circumstances of this case indicate that R.C. 2152.83 is applicable to H.P. for purposes of his classification. H.P. was adjudicated a delinquent child by reason of rape on February 12, 2008, for an offense committed when he was sixteen years old. Neither R.C. 2152.82 nor R.C. 2152.86 is applicable to H.P. for purposes of classification.[1]
 {¶ 9} H.P. argues that R.C 2152.83(A)(1) must be read in the disjunctive. He argues, therefore, that because the juvenile court committed him to DYS, that court has no authority but to classify him at the time of his release from the secure facility. This Court agrees.
 {¶ 10} Our research indicates that no other court has addressed this issue since the statute's effective date of January 1, 2008. However, a review of case law relevant to prior similar provisions indicates that the juvenile court only has authority to classify H.P. upon his release from DYS.
 {¶ 11} In 2005, the Fifth District overruled a juvenile's assignment of error that the juvenile court erred by classifying him as a sexual predator prior to his treatment in a secure *Page 4 
facility in the absence of any prior sexually oriented offenses. In reCallahan, 5th Dist. No. 04COA064, 2005-Ohio-735. In that case, the juvenile was fourteen or fifteen years old at the time of the commission of two counts of rape, and was classified pursuant to R.C. 2152.83(B)(1) which stated:
 "The court that adjudicates a child a delinquent child, on the judge's own motion, may conduct at the time of disposition of the child or, if the court commits the child for the delinquent act to the custody of a secure facility, may conduct at the time of the child's release from the secure facility, a hearing for the purposes described in division (B)(2) ***." (Emphasis added.)
In overruling the assignment of error, the Fifth District reasoned, "We conclude the General Assembly's use of the word `may' and the use of the conjunction `or' triggers the trial court's discretion regarding when to make a sexual predator determination." Id at ¶ 11.
 {¶ 12} Other courts who have analyzed the issue of a juvenile's classification pursuant to statutory provisions identical or substantially similar to the provision relevant in this case, however, have not recognized the juvenile court's discretion as to when it classifies the offender. The Fourth District sustained a juvenile's assignment of error that the juvenile court lacked the authority to classify him as a sexual predator at disposition because the juvenile court committed him to a secure facility. In re P.B., 4th Dist. No. 07CA3140, 2007-Ohio-3937. In P.B., the classification provision of R.C. 2152.83(A)(1) was applicable, as it is in the instant case. The prior version mirrors the current one. The Fourth District noted the Fifth District's holding in Callahan, but reasoned:
 "We recognize that subsection (A)(1) is worded differently than subsection (B)(1). The General Assembly used the word `shall' in subsection (A)(1) rather than the word `may.' Thus, although a juvenile court has discretion as to the type of disposition it makes, the court apparently does not have discretion to determine when the delinquent child can be adjudicated a sexual predator. If a child is committed to DYS, the legislature has decided that such a determination must wait until the child's release. We recognize that courts must follow a statute's *Page 5 
plain language, regardless of the wisdom of the particular statutory provision." (Emphasis in the original.) In re P.B. at ¶ 8.
Accordingly, the Fourth District vacated P.B.'s classification.
 {¶ 13} The Eighth District addressed the application of R.C. 2152.83
to a sixteen or seventeen year old in a case in which the juvenile court at disposition committed the juvenile to DYS, suspended the commitment and placed him on probation, and adjudicated the juvenile a juvenile sex offender registrant. In re Thomas, 8th Dist. Nos. 83579, 83580,2004-Ohio-6415. Recognizing that a suspended commitment is not a commitment to a secure facility, the court stated:
 "[I]f the offender is committed to the custody of a secure facility, an order under this section will be issued at the time of the offender's release, but if the offender is not committed to custody, then the order will be issued at the time of disposition. In this case, appellant was not committed to a secure facility. Therefore, the court could (and properly did) classify appellant as a juvenile sex offender registrant under this section at the time of disposition." Id. at ¶ 13.
 {¶ 14} This Court agrees with the interpretation of our sister courts in regard to the application of identical or substantially similar language regarding the timing of H.P.'s classification. The plain language of R.C. 2152.83(A)(1) indicates that a juvenile court must classify a juvenile at disposition unless it commits the juvenile to a secure facility. In the case where a juvenile is committed to a secure facility, it must wait to classify the juvenile upon his release from the secure facility.
 {¶ 15} The State argues that R.C. 2152.84, which requires a juvenile court to conduct a hearing upon completion of the disposition to review the effectiveness of the disposition and any treatment provided in determining whether to continue or terminate a prior classification, supports the interpretation that R.C. 2152.83(A)(1) accords the juvenile court discretion *Page 6 
regarding the timing of the initial classification hearing. This Court finds the State's argument not well taken.
 {¶ 16} First, R.C. 2152.84(A)(1) begins: "When a juvenile court judge issues an order under section 2152.82 or division (A) or (B) of section 2152.83 of the Revised Code that classifies a delinquent child a juvenile offender registrant ***." (Emphasis added.) The provision does not modify in any way the requirements regarding the timing of the initial classifications. Second, the hearing on redetermination of the prior classification takes places "upon completion of the disposition of that child" which would not be upon release from a secure facility like DYS because the juvenile would still be subject to continued restrictions on parole. Not until the juvenile has successfully completed the term of his parole would he reach the "completion of the disposition" and be subject to hearing on the redetermination of classification. Months, or perhaps years, might elapse between the time of the juvenile's release from DYS and successful completion of parole and, therefore, disposition. Accordingly, the requirement of such a hearing pursuant to R.C. 2152.84 would not be superfluous as the State argues.
 {¶ 17} Under these circumstances, as the trial court committed H.P. to DYS, i.e., a secure facility, it had no authority to classify the juvenile as a juvenile offender registrant until his release from the secure facility. Accordingly, the juvenile court erred by classifying H.P. as a juvenile offender registrant and Tier III sex offender at disposition. As such, the classification order is void and must be vacated. H.P.'s first assignment of error is sustained. *Page 7 
 ASSIGNMENT OF ERROR II "SENATE BILL 10 VIOLATES A JUVENILE'S RIGHT TO EQUAL PROTECTION UNDER THE LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 2 OF THE OHIO CONSTITUTION."
 ASSIGNMENT OF ERROR III "THE TRIAL COURT ERRED WHEN IT APPLIED SENATE BILL 10 TO HP. AS THE APPLICATION OF SENATE BILL [10] TO HP. VIOLATES HIS RIGHT TO DUE PROCESS AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION."
 {¶ 18} H.P. argues that the trial court's application of Senate Bill 10 regarding classification violates his constitutional rights to equal protection and due process.
 {¶ 19} The Ohio Supreme Court has held that "[c]ourts should not decide constitutional issues if the case can be decided without reaching them." Consolo v. Cleveland, 103 Ohio St.3d 362, 2004-Ohio-5389, at ¶ 23, quoting Cincinnati v. Ohio Council 8, Am. Fedn. Of State, Cty. Mun. Emp., AFL-CIO (1991), 61 Ohio St.3d 658, 672, fn.7. Because his constitutional claims are based on the trial court's classification of H.P. as a Tier III sex offender, and this Court has found that classification void, the equal protection and due process claims are not ripe for review. Accordingly, this Court declines to address the second and third assignments of error.
 ASSIGNMENT OF ERROR IV "H.P. WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL. FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, SECTIONS 10 AND 16, ARTICLE I OF THE OHIO CONSTITUTION." (sic.)
 {¶ 20} H.P. argues that his "counsel was ineffective for failing to educate herself (sic) regarding the juvenile offender registration laws[.]" Specifically, H.P. argues that he was *Page 8 
prejudiced because the juvenile court classified him at disposition as a Tier III sex offender. This Court finds the argument not well taken.
 {¶ 21} In evaluating an ineffective assistance of counsel claim, this Court employs a two step process as described in Strickland v.Washington (1984), 466 U.S. 668, 687. First, the Court must determine whether there was a "substantial violation of any of defense counsel's essential duties to his client." State v. Bradley (1989),42 Ohio St.3d 136, 141; State v. Lytle (1976), 48 Ohio St.2d 391, 396, vacated in part on other grounds. Second, the Court must determine if prejudice resulted to the defendant from counsel's ineffectiveness. Bradley,42 Ohio St.3d at 141-142, citing Lytle, 48 Ohio St.2d at 396-397. "An appellate court may analyze the prejudice prong of the Strickland test alone if such analysis will dispose of a claim of ineffective assistance of counsel on the ground that the defendant did not suffer sufficient prejudice."State v. Kordeleski, 9th Dist. No. 02CA008046, 2003-Ohio-641, at ¶ 37, citing State v. Loza (1994), 71 Ohio St.3d 61, 83, overruled on other grounds. Prejudice exists where there is a reasonable probability that the trial result would have been different but for the alleged deficiencies of counsel. Bradley, 42 Ohio St.3d at paragraph three of the syllabus. Appellant bears the burden of proof, and must show that ?`counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" State v. Colon, 9th Dist. No. 20949, 2002-Ohio-3985, at ¶ 48, quoting Strickland, 446 U.S. at 687.
 {¶ 22} Based on this Court's resolution of the first assignment of error, the juvenile's classification is void and must be vacated. However, the juvenile court must eventually classify him upon his release from DYS. Because he must ultimately be classified, H.P. has failed to demonstrate prejudice sufficient to establish ineffective assistance of counsel where his only argument was that his classification was premature. The fourth assignment of error is overruled. *Page 9 
 III. {¶ 23} H.P.'s first assignment of error is sustained. His fourth assignment of error is overruled. This Court declines to address the second and third assignments of error. The judgment of the Summit County Court of Common Pleas, Juvenile Division, is reversed and the cause remanded for further proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
 Costs taxed to Appellee. *Page 10 
MOORE, J., WHITMORE, J., CONCUR.
[1] R.C. 2152.86 applies to serious youthful offenders. *Page 1