[Cite as *In re D.M.*, 2017-Ohio-232.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | | |

IN RE: D.M.

C.A. No.    16CA0019-M


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    2009 08 DQ 0453

DECISION AND JOURNAL ENTRY

Dated: January 23, 2017

CARR, Presiding Judge.

{¶1}    Appellant D.M. appeals his classification by the Medina County Court of Common Pleas, Juvenile Division, as a juvenile sex offender registrant. This Court affirms.

I.

{¶2}    In 2009, when D.M. was 16 years old, a complaint was filed against him in the Fulton County Court of Common Pleas, Juvenile Division, alleging that he was a delinquent child by reason of one count of gross sexual imposition, a felony of the third degree if committed by an adult. Pursuant to a negotiated plea agreement, the State amended the charge from gross sexual imposition as against a person younger than 13 years old to a charge of gross sexual imposition by force or threat of force. The offense remained a felony of the third degree if committed by an adult. The child then entered a plea of true to the amended charge. All parties further agreed that D.M. must be classified a Tier I sexual offender for purposes of sex offender registration, and that the matter would be transferred to the Medina County Court of Common

Pleas, Juvenile Division, for disposition. Pending disposition, D.M. was placed in the Starr Common Wealth treatment facility.[1]

{¶3} In October 2009, the Medina County Juvenile Court found D.M. to be a mandatory Tier I juvenile sex offender registrant and classified him as such. The court further noted that, pursuant to R.C. 2152.84, it would conduct a hearing upon completion of the disposition to review the effectiveness of the disposition and determine whether to continue or modify the child's Tier I classification. At the dispositional hearing, the trial court committed D.M. to the legal custody of the Ohio Department of Youth Services for a minimum period of six months up to the juvenile's attainment of the age of twenty-one. The court suspended the commitment contingent on D.M.'s compliance with all rules and conditions of probation. The court placed him on indefinite probation, committed him to the detention center for 90 days, and suspended that commitment contingent upon D.M.'s compliance with the terms and conditions of community control. Accordingly, D.M. was not committed to the custody of a secure facility. The juvenile court further ordered, among other things, that the child participate in sex offender treatment and successfully complete all recommendations made by Starr Common Wealth. D.M. did not appeal his disposition or classification.

{¶4} After ten months on probation, D.M. allegedly violated the terms and conditions of his probation. After a hearing, the juvenile court found him delinquent by reason of the probation violation and continued his term of probation. Approximately eight months later, the probation officer moved to terminate D.M.'s probation, in part because he had reached the age of

---

[1] The record contains various spellings of the name of this facility. We use the spelling utilized by the juvenile court in its dispositional judgment entry.

majority, completed residential sex offender treatment, and relocated to Franklin County. The juvenile court granted the motion on April 4, 2011.

{¶5} In August 2012, D.M. petitioned the juvenile court for declassification pursuant to R.C. 2152.85. In his memorandum in support, the juvenile recounted the procedural history and admitted that his original classification as a Tier I sexual offender, requiring registration for a period of ten years, was "mandatory under the guidelines due to the juvenile's age and the nature of the offense." The juvenile court ordered D.M. to obtain a sex offender assessment to determine his risk to reoffend and ordered the probation department to investigate and report on the issue of his declassification. Subsequently, on October 25, 2012, the juvenile court denied D.M.'s motion for declassification. D.M. did not appeal the denial of his motion.

{¶6} In October 2015, D.M. filed a motion to vacate his original 2009 classification order as void, because the juvenile court classified him as a juvenile sex offender registrant pursuant to R.C. 2152.82, which only applied if the juvenile had a prior adjudication for a sexually oriented offense. The State replied in opposition, conceding that the juvenile court should have classified the youth pursuant to R.C. 2152.83 rather than R.C. 2152.82, but arguing that the classification was voidable rather than void and that D.M.'s motion to vacate the original classification was barred by the doctrine of res judicata. On February 1, 2016, the juvenile court agreed with the State and concluded that the original classification order was voidable, rather than void. Although it also concluded that the doctrine of res judicata was applicable, it nevertheless corrected the original classification order to reflect that D.M. was subject to mandatory classification as a juvenile sex offender registrant (as D.M. stipulated prior to the original classification) pursuant to R.C. 2152.83 instead of R.C. 2152.82. D.M. filed a timely appeal, raising one assignment of error for review.

II.

**ASSIGNMENT OF ERROR**

THE JUVENILE COURT ERRED WHEN IT DENIED D.M.'S MOTION TO VACATE HIS CLASSIFICATION AS VOID BECAUSE THE JUVENILE COURT WAS NOT AUTHORIZED TO CLASSIFY HIM UNDER R.C. 2152.82.

**{¶7}** D.M. argues that the juvenile court erred by denying his motion to vacate his original sex offender classification because the order was void. This Court disagrees. We are persuaded, however, by the State's argument that the juvenile court's error in classifying D.M. as a juvenile sexual offender registrant with citation to R.C. 2152.82 resulted in a voidable order, the consideration of which by this Court is precluded by the doctrine of res judicata.

**{¶8}** The Supreme Court of Ohio recently continued its ongoing attempts to clarify the distinction between void and voidable orders relative to sentencing issues. In *State v. Williams*, Slip Opinion No. 2016-Ohio-7658, the high court reiterated that, because a trial court only has authority to impose a sentence or other penalty as provided by law, the imposition of a sentence or penalty contrary to statute is a nullity and results in a void judgment of conviction. ¶ 20-22. Accordingly, the *Williams* court held that, where the sentencing court has actually determined that offenses are allied offenses of similar import, the sentence is void if the trial court imposes a sentence on each count because the law requires that allied offenses merge for purposes of sentencing. ¶ 2. Where the sentence is void as contrary to law, the doctrine of res judicata is not applicable and the sentence remains subject to collateral attack at any time. *Id*.

**{¶9}** The *Williams* court distinguished sentences and penalties that were imposed merely in error, however. "[I]f the sentencing court had jurisdiction and statutory authority to act, sentencing errors do not render the sentence void, and the sentence can be set aside only if successfully challenged on direct appeal." *Williams* at ¶ 23, citing *State v. Fisher*, 128 Ohio

St.3d 92, 2010-Ohio-6238, ¶ 6-7, and *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 28. Accordingly, the high court noted that a trial court's failure to merge offenses for purposes of sentencing, where the court has not previously found the offenses to be allied (either expressly or by merely failing to make such a finding), does not result in a void sentence, but rather a voidable one subject to challenge only on direct appeal. *Williams* at ¶ 23, 26. The imposition of multiple sentences is void as contrary to law only where the sentencing court has definitively found offenses to be allied of similar import, neglects its mandatory duty to merge the offenses, and nevertheless imposes a sentence on each count. In other words, because the sentencing court retains statutory authority to impose a sentence on every count that is not an allied offense of similar import, even where it has erroneously failed to find that the offenses are allied, the sentence is not void but merely voidable. *Id.* at ¶ 24-25. Applying this logic to the instant case, it is reasonable to note that as long as the juvenile court had the statutory authority to classify D.M. as a juvenile sex offender registrant, any error it committed in its execution of that duty would result in a voidable classification rather than a void one.

{¶10} In support of his argument, D.M. relies on this Court's holding in *In re H.P.*, 9th Dist. Summit No. 24239, 2008-Ohio-5848, for the proposition that a juvenile court's erroneous sex offender classification renders the classification order void. *H.P.* is distinguishable from the instant matter, however. In *H.P.*, the juvenile court committed the youth to the custody of the Department of Youth Services and contemporaneously classified him as a Tier III sex offender despite the clear mandate of R.C. 2152.83(A)(1) that the juvenile court classify a youth whom it has committed to a secure facility only upon the youth's release from the secure facility. This Court held that classification order to be void and ordered its vacation because the juvenile court lacked the statutory authority to classify the youth at that time. 2008-Ohio-5848, at ¶ 17.

Accordingly, the juvenile court in *H.P.* imposed a penalty without statutory authority to do so, rendering the classification void.

{¶11}  In the instant case, however, the juvenile court did not lack the statutory authority to classify D.M. as a juvenile sex offender registrant.  In fact, under the circumstances of his case, the juvenile court had a mandatory duty to classify D.M. as a juvenile sex offender registrant.  Pursuant to R.C. 2152.83,

> (A)(1) The court that adjudicates a child a delinquent child *shall* issue as part of the dispositional order * * * an order that classifies the child a juvenile offender registrant and specifies that the child has a duty to comply with sections 2950.04, 2950.041, 2950.05, and 2950.06 of the Revised Code if all of the following apply:
>
> (a) The act for which the child is or was adjudicated a delinquent child is a sexually oriented offense or a child-victim oriented offense that the child committed on or after January 1, 2002.
>
> (b) The child was sixteen or seventeen years of age at the time of committing the offense.
>
> (c) The court was not required to classify the child a juvenile offender registrant under section 2152.82 of the Revised Code or as both a juvenile offender registrant and a public registry-qualified juvenile offender registrant under section 2152.86 of the Revised Code.

(Emphasis added).  Moreover, based on the time of the commission of the sexually oriented offense, the juvenile court was mandated to also classify the child as a Tier I, Tier II, or Tier III sex offender or child-victim offender.  R.C. 2152.831.  Accordingly, had the juvenile court failed to fulfill these mandatory duties under the law, its classification order would have been void.  *See Williams, supra*, at ¶ 28.  However, because the juvenile court had the jurisdiction and statutory authority to act, any error in its classification of D.M. did not render the order void, but merely voidable.  *Id.* at ¶ 23, citing *Fisher* at ¶ 6-7.  Because the classification was merely voidable, D.M. must have challenged it on direct appeal or be barred from raising the issue later pursuant to the doctrine of res judicata.  *Williams* at ¶ 23.

**{¶12}** The doctrine of res judicata precludes a party from relitigating any issue that was, or should have been, litigated in a prior action between the parties. *State v. Zhao*, 9th Dist. Lorain No. 03CA008386, 2004-Ohio-3245, ¶ 7, citing *State v. Meek*, 9th Dist. Lorain No. 03CA008315, 2004-Ohio-1981. In classifying D.M. as a juvenile sex offender registrant, the juvenile court made the findings necessary to classify the youth as a Tier I juvenile sex offender registrant as required by R.C. 2152.83 and 2152.831. To the extent that it erroneously referenced R.C. 2152.82, which further requires a determination that the youth was previously adjudicated a delinquent child for committing a sexually oriented offense, at both the classification hearing and in the classification order, D.M. was required to raise that issue on direct appeal. Because he failed to challenge his classification as erroneous on direct appeal, he is barred from raising that issue now pursuant to the doctrine of res judicata. The assignment of error is overruled.

## III.

**{¶13}** D.M.'s sole assignment of error is overruled. The judgment of the Medina County Court of Common Pleas, Juvenile Division, is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

MOORE, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

CHARLYN BOHLAND, Assistant State Public Defender, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and VINCENT A. VIGLUICCI, Assistant Prosecuting Attorney, for Appellee.