[Cite as *In re P.C.*, 2019-Ohio-2603.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

IN RE: P.C.

C.A. No.    18CA0019-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    2017 10 DQ 0529

DECISION AND JOURNAL ENTRY

Dated: June 28, 2019

TEODOSIO, Presiding Judge.

{¶1} Appellant, P.C., appeals from the judgment of the Medina County Court of Common Pleas, Juvenile Division. This Court reverses and remands.

I.

{¶2} In October of 2017, a complaint was filed in the Medina County Court of Common Pleas, Juvenile Division, charging P.C. with six counts of rape, felonies of the first degree if committed by an adult, and six counts of gross sexual imposition, felonies of the third degree if committed by an adult. The victim was P.C.'s 4-year-old niece. The juvenile court denied the State's motion to transfer the case from the Juvenile Division to the General Division. The State then filed a notice of intent to seek a serious youthful offender ("SYO") dispositional sentence, and P.C. was subsequently indicted on three counts of rape and three counts of gross sexual imposition, all with attendant SYO specifications.

**{¶3}** P.C. pled guilty to the indictment and the juvenile court imposed a blended sentence. For the adult portion of the sentence, the court ordered P.C. to serve 15 years to life in prison on each of the three rape counts and 36 months in prison on each of the three gross sexual imposition counts, all to be served concurrently with each other, and further classified P.C. as an adult Tier III sex offender. The court stayed the adult portion of the sentence pending P.C.'s successful completion of the juvenile portion of his sentence. For the traditional juvenile portion, the court ordered P.C. to serve a minimum of one year up to his 21st birthday in the Department of Youth Services ("DYS") on each of the three rape counts and a minimum of six months up to his 21st birthday in the DYS on each of the three gross sexual imposition counts, all to be served concurrently with each other, and further classified him as a Tier III juvenile offender registrant.

**{¶4}** P.C. now appeals from the judgment of the juvenile court and raises two assignments of error for this Court's review.

II.

**ASSIGNMENT OF ERROR ONE**

THE JUVENILE COURT ERRED WHEN IT CLASSIFIED P.C. AS A JUVENILE SEX OFFENDER REGISTRANT PURSUANT TO REVISED CODE SECTION 2152.82 BECAUSE THIS SECTION APPLIES ONLY TO JUVENILE OFFENDERS WHO HAVE PREVIOUSLY BEEN ADJUDICATED DELINQUENT OF A SEXUALLY ORIENTED OFFENSE * * *.

**{¶5}** In his first assignment of error, P.C. argues that the juvenile court committed plain error in classifying him as a Tier III juvenile offender registrant (1) under R.C. 2152.82 when he did not have a prior adjudication for a sexually-oriented offense, and (2) as part of the dispositional order instead of upon his release from a secure facility.

{¶6} This Court generally applies a de novo standard of review to an appeal from a trial court's interpretation and application of a statute. *In re A.K.*, 9th Dist. Medina No. 09CA0025-M, 2009-Ohio-4941, ¶ 13, *rev'd on other grounds, In re Cases Held for the Decision in In re D.J.S.*, 130 Ohio St.3d 253, 2011-Ohio-5349. "A de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination." *State v. Consilio*, 9th Dist. Summit No. 22761, 2006-Ohio-649, ¶ 4.

{¶7} Regardless, P.C. concedes that he never objected to his sex offender classification at the trial court level and has therefore forfeited all but plain error. *See In re W.H.*, 9th Dist. Summit No. 23936, 2008-Ohio-4337, ¶ 5. "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim.R. 52(B). The plain error standard applied in criminal proceedings also applies when errors that are not preserved arise in juvenile delinquency proceedings. *State v. Morgan*, 153 Ohio St.3d 196, 2017-Ohio-7565, ¶ 49. To establish plain error, one must show (1) an error occurred, i.e., a deviation from a legal rule, (2) the error is plain, i.e., an obvious defect in the proceedings, and (3) the error affected a substantial right, i.e., affected the outcome of the proceedings. *Id.* at ¶ 36. Courts should notice plain error only with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. *Id.* at ¶ 37.

{¶8} P.C. first argues that the juvenile court improperly classified him under R.C. 2152.82. Pursuant to R.C. 2152.82, the court is required to classify a delinquent child as a juvenile offender registrant as part of its dispositional order when certain criteria are met, including a determination that "the child previously was adjudicated a delinquent child for committing any sexually oriented offense or child-victim oriented offense * * *." R.C. 2152.82(A)(3).

{¶9} The parties do not dispute the fact that, at the time of the court's disposition, P.C. had not been previously adjudicated a delinquent child for committing a sexually oriented or child-victim oriented offense. He was therefore not subject to classification under R.C. 2152.82. Instead, R.C. 2152.83 applied in this case, which applies to those *not* previously adjudicated a delinquent child for committing a sexually oriented or child-victim oriented offense. *See* R.C. 2152.83(A)(1)(c).

{¶10} Pursuant to R.C. 2152.83(A)(1), if the delinquent child was ages 16 or 17 at the time of the offense and the court does not commit him to the custody of a secure facility, the court is required to classify the child as a juvenile offender registrant as part of its dispositional order. But, if the court commits the delinquent child to the custody of a secure facility, it is instead required to classify him "at the time of the child's release from the secure facility * * *." R.C. 2152.83(A)(1). *See also In re H.M.*, 5th Dist. Licking No. 17-CA-81, 2018-Ohio-2201, ¶ 24.

{¶11} The juvenile court found that P.C. was 17 years old at the time of the offenses. The record is also clear that the court committed P.C. to the custody of the DYS for institutionalization in a secure facility. Thus, pursuant to the plain language of R.C. 2152.83(A)(1), the juvenile court was without authority to classify P.C. as a juvenile offender registrant as part of its dispositional order, as he could only be classified upon his release from the secure facility. *See In re H.P.*, 9th Dist. Summit No. 24239, 2008-Ohio-5848, ¶ 14, 17. *See also State ex rel. Jean-Baptiste v. Kirsch*, 134 Ohio St.3d 421, 2012-Ohio-5697, ¶ 28 (stating R.C. 2152.83 is logical and clear that "the court must issue the order classifying the child as a juvenile-offender registrant at the time the child is released from the secure facility"); *In re H.M.* at ¶ 24.

{¶12} In reviewing the record, we further recognize that the juvenile court apparently misspoke during the classification proceedings by making the following two conflicting statements: (1) "The [c]ourt * * * finds pursuant to Revised Code 2152.83(A)(1)(a) and (b), and at the discretion of the [c]ourt, that he shall be classified as a Tier III sexual registrant as a juvenile"; and (2) "He's been classified pursuant to Ohio Revised Code Section 2152.82 * * *." The court repeated its mistake in the judgment entry, which states both: (1) "The [c]ourt * * * finds pursuant to R.C. 2152.83(A)(1)(a)&(b), and at the discretion of the [c]ourt, that Juvenile shall be classified as a Tier III Sexual Registrant"; and (2) "He has been classified pursuant to R.C. 2152.82 * * *."

{¶13} P.C. could not have been classified pursuant to both R.C. 2152.82 and R.C. 2152.83. We note that "[t]he general tendency of reviewing courts is to disregard mere 'technical errors or verbal slips,' when, from the context, it appears that comprehensive and correct instructions have been given and substantial justice has been done." *Washington v. Niemeyer*, 11th Dist. Portage No. 97-P-0002, 1997 WL 586095, *3 (Aug. 29, 1997), quoting *Fairchild v. Lake Shore Elec. Ry. Co.*, 101 Ohio St. 261, 268 (1920). The State argues to this point that the court classified P.C. under R.C. 2152.83, but unfortunately misspoke when it then referred to that R.C. 2152.83 classification in the past tense and said, "R.C. 2152.82" in error.

{¶14} However, notwithstanding the State's argument, the juvenile court's classification of P.C. as a juvenile offender registrant *at the time of disposition* cannot be fairly reconciled with either the surrounding facts of the case or the relevant law. Without a prior adjudication as a delinquent child for committing any sexually oriented or child-victim oriented offense, P.C. definitely could not be classified under R.C. 2152.82. Moreover, because the juvenile court committed P.C. to a secure facility, it was plainly without authority to classify him *at the time of*

*disposition* under R.C. 2152.83. Thus, regardless of whether the juvenile court misspoke during the proceedings or made a typographical error in its entry, it imposed a penalty upon P.C. at the time of disposition without the statutory authority to do so, which renders that classification void. *See In re D.M.*, 9th Dist. Medina No. 16CA0019-M, 2017-Ohio-232, ¶ 10; *In re H.P.*, 9th Dist. Summit No. 24239, 2008-Ohio-5848, ¶ 17. *See also State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶ 6 (generally defining void judgments as those imposed by courts that lack the authority to act).

{¶15} Accordingly, the juvenile court's designation of P.C. as a Tier III juvenile offender registrant is hereby vacated, and the matter is remanded back to the juvenile court for proceedings consistent with this opinion. P.C. may only be classified as a juvenile offender registrant at the time of his release from a secure facility, in accordance with R.C. 2152.83.

{¶16} P.C.'s first assignment of error is sustained.

### ASSIGNMENT OF ERROR TWO

THE JUVENILE COURT ERRED WHEN IT CLASSIFIED P.C. AS AN ADULT TIER III REGISTRATION (SIC), PURSUANT TO THE ADULT STATUTES, IN VIOLATION OF R.C. 2152.13 * * *.

{¶17} In his second assignment of error, P.C. argues that the juvenile court erred in classifying him as an adult Tier III sex offender pursuant to Chapter 2950, as that Chapter only applies to adult classifications, while R.C. 2152.82 et seq. instead applies to juvenile classifications. Because the trial court may only classify P.C. as a juvenile offender registrant in accordance with R.C. 2152.83, we agree that the trial court erred in classifying him additionally as an adult Tier III sex offender at the time of his disposition.

{¶18} P.C. again concedes that he never objected to his classification as an adult Tier III sex offender at the trial court level, thus forfeiting all but plain error. *See In re W.H.*, 2008-Ohio-

4337, at ¶ 5. *See also* Crim.R. 52(B). The plain error standard is outlined in our above analysis of P.C.'s first assignment of error, but we will briefly note again that P.C. bears the burden of showing (1) an error occurred, i.e., a deviation from a legal rule, (2) the error is plain, i.e., an obvious defect in the proceedings, and (3) the error affected a substantial right, i.e., affected the outcome of the proceedings. *See Morgan*, 153 Ohio St.3d 196, 2017-Ohio-7565, at ¶ 36.

**{¶19}** This Court recently rejected a similar argument in *In re D.J.*, but that case involved a significantly distinguishable fact pattern. *See In re D.J.*, 9th Dist. Summit No. 28472 and 28473, 2018-Ohio-569, ¶ 22-23. Although both P.C. and D.J. received SYO dispositional sentences and were both sentenced to the DYS, only D.J. failed thereafter to successfully complete the juvenile portion of his blended sentence. *Id.* at ¶ 2-4. Upon motion of the State, and after an evidentiary hearing, the juvenile court imposed the adult portion of D.J.'s sentence and "adjudicated" him a Tier III sex offender. Because D.J. did not identify any difference in the requirements placed on adult Tier III sex offenders and Tier III juvenile offender registrants, this Court concluded that any error in the juvenile court's word choice of "adjudicated" instead of "classified" was harmless. *See id.* at ¶ 23.

**{¶20}** As we concluded above in P.C.'s first assignment of error, the juvenile court prematurely, and therefore without authority, classified P.C. as a Tier III juvenile offender registrant. Pursuant to R.C. 2950.01(G)(3), the definition of a Tier III sex offender includes: "A sex offender who is adjudicated a delinquent child for committing or has been adjudicated a delinquent child for committing any sexually oriented offense *and who a juvenile court, pursuant to section 2152.82, 2152.83, 2152.84, or 2152.85 of the Revised Code, classifies a tier III sex offender/child-victim offender relative to the offense*." (Emphasis added.). However, as we determined in our above analysis of his first assignment of error, P.C. was not properly classified

pursuant to R.C. 2152.83 as a juvenile sex offender registrant as part of the juvenile court's dispositional order.  We therefore cannot conclude, as we did in *In re D.J.*, that his additional classification as an adult Tier III sex offender was "harmless error" in this particular case.  *See In re D.F.*, 5th Dist. Coshocton Nos. 2016CA0015 and 2016CA0016, 2018-Ohio-1792, ¶ 34 (distinguishing the fact pattern in *In re D.J.* because D.F. was not properly classified a Tier III juvenile offender).  Because P.C. was adjudicated delinquent in juvenile court, but has not yet been properly classified pursuant to R.C. 2152.83, we conclude that the court erred in imposing an adult Tier III sex offender registration classification upon him.  *See id.* at ¶ 32-34.

**{¶21}**  Therefore, P.C.'s adult Tier III sex offender classification is hereby vacated and the matter is remanded to the juvenile court for proceedings consistent with this opinion.  Again, P.C. may only be classified as a juvenile offender registrant at the time of his release from a secure facility, in accordance with R.C. 2152.83.

**{¶22}**  Accordingly, P.C.'s second assignment of error is sustained.

### III.

**{¶23}**  P.C.'s first and second assignments of error are sustained.  The judgment of the Medina County Court of Common Pleas, Juvenile Division, is reversed and the cause is remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

THOMAS A. TEODOSIO
FOR THE COURT

CARR, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

LAUREN HAMMERSMITH, Assistant State Public Defender, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and VINCENT V. VIGLUICCI, Assistant Prosecuting Attorney, for Appellee.