[Cite as *In re D.F.*, 2021-Ohio-3109.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
JACKSON COUNTY

| | | |
|---|---|---|
| In the Matter of D.F., | : | |
| | : | Case No. 21CA5 |
| Adjudicated Delinquent Child. | : | |
| | : | |
| | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| | : | |
| | : | **RELEASED: 09/03/2021** |

APPEARANCES:

Lauren Hammersmith, Assistant State Public Defender, Office of the Ohio Public Defender, Columbus, Ohio, for Appellant.

Justin Lovett, Jackson County Prosecutor, and Rachel E. Daehler, Jackson County Assistant Prosecutor, Jackson, Ohio, for Appellee.

Wilkin, J.

{¶1} Appellant, D.F., appeals the Jackson County Court of Common Pleas, Juvenile Division's, order that classified him a tier III juvenile offender registrant (JOR) and committed him to the Ohio Department of Youth Services (DYS), a secure facility. In his first assignment of error, appellant asserts that the trial court erred by classifying him a tier III JOR at disposition rather than classifying him upon his release from DYS. The state agrees with appellant's argument.

{¶2} We likewise agree with appellant's argument. This court, along with others, previously has determined that, when a juvenile court commits a 16- or 17-year-old delinquent child to a secure facility, R.C. 2152.83(A)(1) requires the court to defer classifying the child a JOR until the child's release from the secure

facility.  In the case at bar, the trial court committed appellant to DYS, a secure facility, and the record reflects that appellant was 17 years of age when he committed the delinquent act, a sexually oriented offense.  The court did not, however, defer appellant's classification until his release from DYS.  Instead, the trial court's disposition order classifies appellant a JOR.  Therefore, we agree with appellant that the trial court erred by classifying him a JOR at the time of disposition rather than at the time of appellant's release from a secure facility.  We sustain appellant's first assignment of error.

{¶3} In his second assignment of error, appellant argues that he did not receive the effective assistance of counsel.  Appellant claims that trial counsel was ineffective for failing to object to the court's decision to classify him a JOR before his release from a secure facility.  Our disposition of appellant's first assignment of error renders his second assignment of error moot.

{¶4} Accordingly, we reverse the part of the trial court's disposition order that classified appellant a tier III JOR and otherwise affirm the court's disposition order.

FACTS AND PROCEDURAL BACKGROUND

{¶5} On August 27, 2020, a complaint was filed that alleged appellant is a delinquent child for engaging in conduct that, if committed by an adult, would constitute the offense of rape of a child under the age of 13, in violation of R.C. 2907.02(A)(1)(b).

{¶6} Appellant later admitted the allegations of the complaint, and the trial court adjudicated him a delinquent child.  The court subsequently committed

appellant to the legal custody of DYS for an indefinite term consisting of a

minimum of twelve months and a maximum period not to exceed appellant's

twenty-first birthday.  The court also classified appellant a tier III JOR.  This

appeal followed.

### ASSIGNMENTS OF ERROR

> I.  THE TRIAL COURT ERRED WHEN IT CLASSIFIED D.F. AS A JUVENILE OFFENDER REGISTRANT BECAUSE IT DID NOT MAKE THAT DETERMINATION UPON HIS RELEASE FROM A SECURE FACILITY, IN VIOLATION OF R.C. 2152.83(A)(1).

> II.  D.F. WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN TRIAL COUNSEL FAILED TO OBJECT TO THE JUVENILE COURT'S UNAUTHORIZED JUVENILE SEX OFFENDER CLASSIFICATION IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION AND THE OHIO CONSTITUTION, ARTICLE I, SECTION 10.

### FIRST ASSIGNMENT OF ERROR

{¶7} In his first assignment of error, appellant argues that the trial court

incorrectly classified him a tier III JOR at disposition rather than waiting until

appellant's release from DYS.  Appellant asserts that our 2019 decision, *In re

K.M.B.*, 4th Dist. Washington Nos. 19CA11 and 19CA12, 2019-Ohio-4436,

requires us to reverse the trial court's judgment that classified him a tier III JOR.

The state concedes error.

{¶8} We agree with appellant and the state that *K.M.B.* governs the

disposition of appellant's first assignment of error and requires us to reverse the

trial court's judgment that classified appellant a tier III JOR.  In *K.M.B.*, we

explained our reasoning as follows:

> R.C. 2152.83(A)(1) states:

The court that adjudicates a child a delinquent child shall issue as part of the dispositional order or, if the court commits the child for the delinquent act to the custody of a secure facility, shall issue at the time of the child's release from the secure facility an order that classifies the child a juvenile offender registrant and specifies that the child has a duty to comply with sections 2950.04, 2950.041, 2950.05, and 2950.06 of the Revised Code if all of the following apply:

(a) The act for which the child is or was adjudicated a delinquent child is a sexually oriented offense or a child-victim oriented offense that the child committed on or after January 1, 2002.

(b) The child was sixteen or seventeen years of age at the time of committing the offense.

(c) The court was not required to classify the child a juvenile offender registrant under section 2152.82 of the Revised Code or as both a juvenile offender registrant and a public registry-qualified juvenile offender registrant under section 2152.86 of the Revised Code.

This court previously has interpreted R.C. 2152.83(A)(1) to mean that a court that commits a delinquent child to a secure facility cannot classify the delinquent child a juvenile offender registrant at the time of disposition. *In the Matter of P.B.*, Scioto App. No. 07CA3140, 2007–Ohio–3937, ¶ 7. Instead, if the court commits the child to a secure facility, then the court must wait until the child's release from the facility before classifying the child a juvenile offender registrant. *Id.; e.g., In re P.C.*, 9th Dist. Medina No. 18CA0019-M, 2019-Ohio-2603, 2019 WL 2721358, ¶¶ 10-11; *In re L.S.*, 2018-Ohio-5005, 126 N.E.3d 308 (6th Dist.), ¶ 16; *In re H.P.*, 9th Dist. Summit No. 24239, 2008-Ohio-5848, 2008 WL 4866674, ¶ 14, 17; *see also State ex rel. Jean-Baptiste v. Kirsch*, 134 Ohio St.3d 421, 2012-Ohio-5697, 983 N.E.2d 302, ¶ 28 (stating that "[b]ecause Jean–Baptiste was adjudicated a delinquent child and was committed to a secure facility, the statute is clear that the court must issue the order classifying the child as a juvenile-offender registrant at the time the child is released from the secure facility—not afterward.").

In the case at bar, the trial court committed K.B. to DYS's legal custody for a minimum term of two years. Additionally, the court adjudicated K.B. delinquent for committing a sexually oriented offense, and he was seventeen years old at the time of the offense. Consequently, R.C. 2152.83(A)(1) precluded the trial court from classifying K.B. a juvenile offender registrant until his release from DYS's secured facility.

*Id.* at ¶ 7-9; *see also Matter of T.B.*, 11th Dist. Trumbull No. 2020-T-0027, 2020-Ohio-5389, ¶ 6-14.

**{¶9}** The same analysis applies in the case at bar.  The record reflects that the trial court adjudicated appellant a delinquent child for committing rape, a sexually oriented offense, and he was 17 years old at the time of the offense. *See* R.C. 2152.83(A)(1)(a) and (b).  Moreover, the trial court committed appellant to a secure facility.  *See* R.C. 2152.83(A)(1).

**{¶10}** Additionally, although the trial court's dispositional entry recites that appellant "shall comply with all the requirements that fall under [the tier III JOR] classification pursuant to [R.C.] 2950.01-2950.99 and 2152.82-2152.86," nothing in the record suggests that R.C. 2152.82 or R.C. 2152.86 applies so as to render R.C. 2152.83(A)(1) inapplicable.  *See* R.C. 2152.83(A)(1)(c).  Furthermore, the state has not asserted that R.C. 2152.82 or R.C. 2152.86 applies.  Instead, the state has conceded that the trial court erred by classifying appellant a JOR at the time of disposition.  Thus, R.C. 2152.83(A)(1) required the trial court to defer classifying appellant a JOR until his release from the secure facility.

**{¶11}**  Accordingly, based upon the foregoing reasons, we sustain appellant's first assignment of error.

SECOND ASSIGNMENT OF ERROR

**{¶12}**  In his second assignment of error, appellant asserts that trial counsel failed to provide the effective assistance of counsel guaranteed under the federal and state constitutions.  Specifically, appellant argues that trial

counsel performed ineffectively by failing to object to the trial court's JOR classification made at disposition.

{¶13}  We believe that our disposition of appellant's first assignment of error renders his second assignment of error moot.  We therefore do not address it.  *See* App.R. 12(A)(1)(c).

CONCLUSION

{¶14}  Accordingly, we reverse the part of the trial court's disposition order that classified appellant a tier III JOR, vacate the tier III JOR classification, and affirm the remainder of the court's disposition order.

**JUDGMENT AFFIRMED IN PART, REVERSED IN PART, AND VACATED IN PART.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED IN PART, REVERSED IN PART, AND VACATED IN PART.  Costs assessed to appellee.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Jackson County Common Pleas Court Juvenile Division to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. and Hess, J.:  Concur in Judgment and Opinion.

For the Court,


BY:  _____
Kristy S. Wilkin, Judge


**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**